SOL L. DESCARTES, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; BANCO DE SAN GERMÁN, INC., Intervener.

No. 230. Argued June 9, 1949.—Decided June 14, 1949.

*Vicente Géigel Polanco, Attorney General,* and *Edgar S. Belaval,* special counsel of the Department of Justice, for petitioner. *Carlos García Méndez* for intervener, complainant in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In this case we issued a writ of certiorari on petition of the Treasurer to review a decision of the Tax Court. The taxpayer has filed a motion to dismiss on the ground that the petition was untimely. The question is whether the petition was filed more than thirty days after the Secretary of the Tax Court had notified the parties of the finality of the decision of the Tax Court. See *Island Needlework, Inc.* v. *Tax Court,* 65 P.R.R. 681.

The motion is based on the fact that the taxpayer received a letter dated March 14, 1949 from the Secretary of the Tax Court notifying it of the finality of the decision, and that the petition for certiorari is stamped as having been

received in this Court on April 15, 1949. However, counsel for the taxpayer conceded at the oral argument that the petition was actually filed here on April 14, and not on April 15, which was Good Friday. The reason for the error was that our stamping clock happened to be operating defectively on that occasion.

 Nevertheless, the taxpayer insists that even though the petition was filed on April 14, it was untimely. We disagree because the Treasurer has presented a certificate of the Secretary of the Tax Court that the notice of finality "was prepared on March 14, 1949 but it was not notified to the Attorney General until March 15, 1949 on which date notification of the finality of the order was sent to the Attorney General by messenger, all of which appears from the records of this Honorable Court which are in my custody."

The taxpayer argues that this certificate is in conflict with the original record which contains a letter to the Attorney General dated March 14, with a notation thereon that a copy thereof was sent to the Income Tax Bureau. But the copy to the Bureau was not the notification required by law. As the record is silent as to the manner in which the letter of notification was communicated to the Attorney General, the petitioner was entitled to supplement the record with the certificate of the Secretary showing personal service of the notice on March 15. The petition for certiorari, filed on April 14, was therefore timely.

We think the Tax Court should consider the advisability of providing for a rule similar to that obtaining in the district courts whereby the time to petition for certiorari would begin to run for both parties on the same date; namely, from the time the Secretary files in the record a copy of the notification of the judgment. It should also establish a system whereby its original records show affirmatively when and in what manner notice to the parties was actually given.

The motion to dismiss will be denied.

Mr. Chief Justice De Jesús did not participate herein.